UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SEAN PHILLIP CHAMP and INMATES
OF HENDRY COUNTY JAIL,

    Plaintiffs,

v.                                         Case No.: 2:19-cv-218-FtM-38MRM

HENDRY COUNTY BOARD OF
COMMISSIONERS, EMMA BYRD,
DARRELL HARRIS, MITCHELL
WILLS, MICHAEL SWINDLE and
CARSON TURNER,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

    Before the Court is Plaintiff Sean Phillip Champ's Complaint (Doc. 1) filed on April 9, 2019. For the following reasons, the Court dismisses the Complaint. Plaintiff is a pretrial detainee at the Hendry County Jail and brings this Complaint under 42 U.S.C. § 1983 alleging cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Plaintiff alleges that the air conditioning system at the Hendry County Jail has been broken and that the Hendry County Board of Commissioners refuse

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

to fund the repairs. Plaintiff states he filed a grievance and is in the process of grievance exhaustion. (Doc. 1 at 8).

On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998). The Court should enforce this requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998). Moreover, in *Porter v. Nussle*, 534 U.S. 516 (2002), the Court made clear that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing. *See also Booth v. Churner*, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of whether the relief offered through the administrative procedures is available). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing *Alexander*, 159 F.3d 1326); *Brown v. Sikes*, 212 F.3d 1205, 1208 (11th Cir. 2000).

Plaintiff admits that he has not fully exhausted the administrative grievance procedures available to him. (Doc. 1 at 8). Exhaustion is a pre-condition to suit and because the administrative grievance procedures are important for effectively determining how the facility has addressed the issues presented to it, it is necessary and useful for Plaintiff to pursue the administrative grievance procedures available to him. Since Plaintiff acknowledged he has not fully exhausted his administrative grievance procedures, his Complaint is due to be dismissed.

Accordingly, it is now

**ORDERED:**

Plaintiff Sean Phillip Champ's Complaint (Doc. 1) is **DISMISSED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of April, 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-2

Copies:
All Parties of Record

3